| | | |
|---|---|---|
| THEFARRO RICHARD-COULIBALY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:19-MC-11 |
| | § | |
| MR. ALANIS, LEAD COURT SECURITY, | § | |
| OFFICE, JOHN DOE NO. 1, MARSHAL, | § | |
| FAITH, LAW CLERK JUDGE CLARK, | § | |
| MARY MARGARET ADAMS GROVES, | § | |
| LAW CLERK OF JUDGE HEARTFIELD, | § | |
| JUDGE CLARK, JUDGE GIBLIN, JUDGE | § | |
| HAWTHORN, JUDGE HEARTFIELD, | § | |
| DEPUTY CHRISTIAN, BRANDI, and | § | |
| OFFICE OF JUDGE CLARK, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

On June 17, 2019, Plaintiff Thefarro Richard-Coulibaly ("Plaintiff") filed a "Motion for Leave to File a New Complaint" (#1) and a "Motion for Leave to Proceed in Forma Pauperis" (#2). After reviewing the pending motions, the court finds that Plaintiff's motions should be DENIED.

I.      Background

In her complaint, Plaintiff contends that she is being threatened, slandered, and denied her constitutional right to file a case in federal court and "intend[s] to file [a] multimillion-dollar civil lawsuit against the above-named individuals" (#1). With her complaint, Plaintiff filed a motion to proceed in forma pauperis as an indigent party under 28 U.S.C. §1915(e)(2).

In a previous and unrelated case, United States District Judge Ron Clark issued an order barring Plaintiff from filing subsequent complaints in this District without court permission. *See*

*Richard-Coulibaly v. Kyles, et al.*, Case No. 1:16-cv-328 (E.D. Tex. Aug. 18, 2016), (#4). The order specifically bars Plaintiff from filing "any additional motions, pleadings, affidavits, or documents in this case or any previous case that she has filed with the Eastern District of Texas." *Id*. Judge Clark's order also provides that any further complaints filed by Plaintiff must be accompanied with a motion for leave, will be opened as a miscellaneous proceeding subject to a judge's review, and will be subjected to screening for frivolousness and jurisdictional issues in accordance with 28 U.S.C. § 1915. *Id*.

II.  Analysis

Before expending additional resources of the court and Defendants, it is necessary to address, *sua sponte*, whether this matter should proceed. Title 28 of the United States Code § 1915(e)(2) provides for *sua sponte* dismissal of a complaint filed in forma pauperis if the court determines at any time the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Campbell v. Brender*, No. 3:10-CV-325-B, 2010 WL 4363396, at *4 (N.D. Tex. Oct. 25, 2010) ("District Courts have the inherent authority to dismiss a pro se litigant's frivolous or malicious complaint *sua sponte* . . . ."); *accord Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Even if a plaintiff meets the financial prerequisites to proceed in forma pauperis, she must still establish that she has raised a non-frivolous issue. *See Unknown v. Electors for Miss.*, No.3:12-CV-671-TSL-MTP; 2012 WL5364730, at *2 (S.D. Miss. Oct. 10, 2012) (citing *Flores v. U.S. Attorney General*, No. SA-11-CA-199-XR, 2011 WL 1486593, at *3, n.1 (W.D. Tex. Mar. 16, 2011) ("If the Court has the authority to dismiss a non-prisoner case as frivolous once it has been filed, then the Court has the inherent authority in

a non-prisoner case to deny leave to proceed in forma pauperis to preclude the filing of a frivolous complaint or claim.").

A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Newsome v. Equal Emp't Opportunity Comm'n*, 301 F.3d 227, 231 (5th Cir.), *cert. denied*, 537 U.S. 1049 (2002); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim lacks an arguable basis in law when it is grounded on an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327; *Newsome*, 301 F.3d at 231. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327-28; *see Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (stating the standard for determining frivolity under § 1915, which includes determination of whether the facts alleged are "clearly baseless," meaning that the allegations are "fanciful," "fantastic," or "delusional"). As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton*, 504 U.S. at 33. Relatedly, a claim is subject to dismissal for failure to state a claim under the same standard used to review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), generally, if the plaintiff is not entitled to relief. *Newsome*, 301 F.3d at 231. The plaintiff must state enough facts to state a claim for relief that is plausible on its face. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 552 U.S. 1182 (2008).

Further, when a plaintiff's complaint is facially frivolous and insubstantial, it is viewed as insufficient to invoke the jurisdiction of the federal courts. *See Dilworth v. Dallas Cty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996). The Supreme Court has repeatedly held that the

federal courts are without power to entertain claims which may otherwise be within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit. *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (citing *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). The Fifth Circuit has also upheld the dismissal of claims for lack of subject matter jurisdiction when those claims are "obviously frivolous" factually. *See Maringo v. McGuirk*, 268 F. App'x 309, 310 (5th Cir. 2008) (dismissing appeal as frivolous where plaintiff's claims were based on allegations that an attorney and her ghost sexually harassed him while he was detained) (citing *Neitzke*, 490 U.S. at 327; *Hagans*, 415 U.S. at 536-37; *Carmichael v. United Tech. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988)). When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of the federal courts. *See Weatherton v. America's Most Wanted*, No. 09-0111-BAJ-DLD, 2010 WL 4668965, at *1 (M.D. La. Sept. 27, 2010). Under § 1915(e)(2) and the applicable legal standards, even construing Plaintiff's complaint liberally, it appears to the court that Plaintiff's claims are implausible, attenuated, unsubstantial, frivolous, and devoid of merit. *See Weatherton*, 2010 WL 4668965, at *1 (citing *Hagans*, 415 U.S. at 536-37). In short, Plaintiff offers no legal basis supporting any cause of action against Defendants.

Plaintiff's motion for leave to file a new complaint suggests some or all of the named Defendants are interfering with her right to file a lawsuit. She then lists her past accomplishments, such as participating on the House Judiciary Committee, working as an international model, being a descendent of George Washington, working at the Center for the Study of Terrestrial and Extra-Terrestrial Atmospheres, and claiming to be a current Presidential Candidate for the Upcoming 2020 Election for President—to name a few. For relief, she requests firing certain

individuals for engaging in conspiracy to commit her murder—those allegedly involved in this "conspiracy" include four federal judges, court staff, and U.S. Marshals. She seeks ten billion dollars in damages, a convertible Mercedes, and a seven-bedroom mansion. The fact that Plaintiff seeks these particular damages speaks to the arbitrary and fantastical nature of her unsubstantiated allegations.

Reading the frivolity of her claims in context with the number of other lawsuits filed by Plaintiff leads the court to conclude that this cause of action should be dismissed as a screening measure under 28 U.S.C. § 1915. Judge Clark's order specifically barring subsequent filings by Plaintiff only further supports this conclusion. Unfortunately, Plaintiff's claims present either a delusional scenario due to some mental incapacity or a poor attempt at self-entertainment by filing a frivolous lawsuit. *See, e.g., Kimberly v. Kardashian*, No. 12-cv-1811, 2012 WL2947592, at *1 (W.D. La. July 9, 2012). Swift dismissal is warranted to avoid further expenditure of judicial resources on a frivolous proceeding. *See id.* For these reasons, the claims asserted in this case are not properly before the court and should be dismissed as frivolous.

Based on the incredible nature of the events alleged in Plaintiff's complaint and the absence of any viable claim that could be alleged in an amended complaint based on those events, the court also finds that the action should be dismissed without the opportunity to amend and with prejudice. *See, e.g., Brodzki v. N. Richland Hills Police Dep't*, No. 3:10-CV539-P-BH, 2010 WL 1685799, at *2 (N.D. Tex. March 31, 2010). In support, the court again references the litany of other filings presented by Plaintiff in this District and Judge Clark's stern order barring her from further filings without leave of court. The court further finds that an amendment in this matter would be futile in curing the deficiencies in Plaintiff's pleadings.

III.     Conclusion

Based upon the findings and legal reasoning stated, the undersigned finds that *sua sponte* dismissal of Plaintiff's claims against all Defendants in their entirety as frivolous, pursuant to 28 U.S.C. § 1915(e)(2), with prejudice, is appropriate.

It is, therefore, ORDERED that Plaintiff's "Motion for Leave to File a New Complaint" (#1) and "Motion for Leave to Proceed in forma pauperis" (#2) are DENIED.

SIGNED at Beaumont, Texas, this 7th day of August, 2019.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE